**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of himself and persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JELD-WEN, INC., a foreign profit corporation doing business as JELD-WEN; and DOES 1-20,<br><br>Defendants. | Case No. 2:23-cv-01757<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Clerk's Action Required] |

**TO:**        **CLERK OF THE COURT**

**AND TO:**   **PLAINTIFF SHANNON SPENCER AND HIS ATTORNEY OF RECORD**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendant JELD-WEN, Inc. ("Defendant") hereby removes the instant action from the King County Superior Court for the State of Washington, Case No. 23-2-19581-7 KNT, to the United States District Court for the Western District of Washington, Seattle Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). Alternatively, removal is also proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This Notice of Removal

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

is supported by the Declarations of Adam T. Pankratz ("Pankratz Decl.") and Scott Nodine ("Nodine Decl.") filed concurrently herewith, and the statements of facts and arguments below.

## I. BACKGROUND

1. On or about October 11, 2023, Plaintiff Shannon Spencer caused to be filed a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief ("Complaint") in this action in the King County Superior Court for the State of Washington, captioned *Shannon Spencer, individually and on behalf of all others similarly situated, Plaintiff, vs. JELD-WEN, Inc., a foreign profit corporation doing business as JELD-WEN; and Does 1-20, Defendants*, Case No. 23-2-19581-7 KNT. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal and as Exhibit 1 to the Declaration of Adam T. Pankratz ("Pankratz Decl.") at ¶ 2.

2. On October 11, 2023, Plaintiff filed his 20-day Summons to Defendant JELD-WEN, Inc. with the King County Superior Court. Pankratz Decl. at ¶ 3, Ex. 2.

3. On October 11, 2023, Plaintiff filed a true and correct copy of the Case Information Cover Sheet and Area Designation. Pankratz Decl. at ¶ 6, Ex. 5.

4. On October 11, 2023, the King County Superior Court Clerk entered an Order Setting Civil Case Schedule. Pankratz Decl. at ¶ 7, Ex. 6.

5. On October 20, 2023, Plaintiff filed his Declaration of Service of Summons and Complaint, showing service upon Defendant JELD-WEN, Inc. on October 17, 2023. Pankratz Decl. at ¶ 8, Ex. 7.

6. On November 13, 2023, Adam T. Pankratz filed a Notice of Appearance on behalf of Defendant in the King County Superior Court. Pankratz Decl. at ¶ 10, Ex. 9.

7. The foregoing Exhibits 1–6 constitute all of the process, pleadings, and orders either served upon Defendant or filed in this action. Pankratz Decl. at ¶ 11.

8. The deadline for Defendant to remove this action has not expired since receipt by Defendant of the Summons and Complaint. Defendant has not voluntarily invoked or submitted

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

to the jurisdiction of the King County Superior Court of the State of Washington in any manner. Pankratz Decl. at ¶ 15.

9. No further proceedings have been had in the state court as of the date of this Notice. *Id.* As a result, true and correct copies of all process, pleadings, orders, and other records served or filed in the state court action have been provided herewith.

10. By filing this Notice of Removal, Defendant does not waive, but expressly reserves, any objections as to the legal sufficiency of Plaintiff's claims and any and all other defenses.

## II.     DIVERSITY JURISDICTION

11. District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is the removing party's burden to establish that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted). Both requirements of diversity jurisdiction are met here, as addressed below.

**A.     Complete Diversity of Citizenship.**

12. Plaintiff and Defendant are citizens of different states. 28 U.S.C. § 1332.

(a) Plaintiff's Citizenship. For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The Ninth Circuit has held that "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'ns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019). Here, Plaintiff pled in his Complaint that he is a resident of King County, Washington. Pankratz Decl. at ¶ 2, Ex. 1. Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of Washington.

(b) Defendants' Citizenship**.** "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 3
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

business." 28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 80–81. The Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. Here, Defendant is incorporated in Delaware, and has its principal place of business in Charlotte, North Carolina, where its administrative and executive functions occur. Nodine Decl. at ¶ 3. Thus, for diversity purposes, Defendant must be considered a citizen of the states of Delaware and North Carolina. *Id*.

13. Based upon the foregoing, there is complete diversity of citizenship between Plaintiff, who is a citizen of Washington, and Defendant, which is a citizen of Delaware and North Carolina.

**B. Amount in Controversy.**

14. The amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

15. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998). The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in his favor. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

16. Defendant has the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

17. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

18. Under 28 U.S.C. § 1446(c), Defendant has a reasonable good-faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.

(a) <u>Statutory Damages</u>. First, Plaintiff first seeks statutory damages of actual damages or $5,000, whichever is greater, pursuant to RCW 49.58.070(1). *See* Pankratz Decl. at Ex. 1, at ¶ Section VII. Request for Relief, ¶ 2.

(b) <u>Attorneys' Fees, Expenses, and Costs</u>. Second, Plaintiff seeks attorneys' fees, expenses, and costs under RCW 49.58.070(1). *See* Pankratz Decl. at Ex. 1, at ¶ Section VII. Request for Relief, ¶ 3. Statutory attorneys' fees are included in a computation of the amount in controversy. *Galt G/S*, 142 F.3d at 1155–56. The Ninth Circuit has held that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred at the time of removal. *Chavez,* 888 F.3d at 417; *Fritsch*, 899 F.3d at 788. Defendant retains the burden of proving the amount of future attorneys' fees by a preponderance of the evidence, *Fritsch*, 899 F.3d at 788, and may estimate them at the time of removal, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). Based on experience in similar class action litigation, if successful, Plaintiff's fee award will likely be in excess of $75,000, and in fact, Plaintiff's counsel has routinely sought approval of fee awards in excess of that amount. *See* Pankratz Decl. at Exs. 11-14 (approval of fee awards of $138,600, $204, 848.83, $270,000, and $85,000). Further to this point, courts in the Ninth Circuit have estimated the number of hours for employment cases

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

between 100 and 300 hours. *Adkins,* 293 F. Supp. 3d at 1148; *Garcia*, 2014 WL 2468344 at *5; *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal. 2015). Plaintiff's counsel recently sought approval of a billing rate of $725 per hour, and presuming he would do the same here, his fees would outstrip the amount in controversy threshold. *See* Pankratz Decl. at Ex. 12 (approval of $725 per hour).

(c)  Service Award**.**  Finally, Plaintiff seeks a service award related to his purported role as class representative. In collective and class action cases, Plaintiffs routinely request an award of $15,000-$20,000. Defendant expects no difference here.

19.  In Sum.  When combined, it is more likely than not that the amount in controversy exceeds $75,000, particularly considering statutory damages of $5,000, attorneys' fees in class action cases which routinely exceed $75,000, and a service award to Plaintiff up to $20,000.

### III.  CLASS ACTION FAIRNESS ACT ("CAFA") JURISDICTION

CAFA provides an alternative ground for removal. "CAFA gives federal district courts original jurisdiction over class actions in which [1] the class members number at least 100, [2] at least one plaintiff is diverse in citizenship from any defendant [*i.e.*, minimal diversity], and [3] the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1195 (9th Cir. 2015). *See also* 28 U.S.C. § 1332(d)(2). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs.,* 28 F.4th 989, 992-993 (9th Cir. 2022) (citation omitted). The three CAFA requirements met.

1)  *More Than 100 Class Members*

Plaintiff seeks to represent a putative class of all "all individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position." Pankratz Decl. at Ex. 1, ¶ 19. Plaintiff alleges that this putative class contains

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

"potentially hundreds" of applicants. *Id.* ¶ 21. Additionally, notwithstanding Defendant's objections to Plaintiff's Class Definition, Defendant's records reflect that Plaintiff's Class Definition would encompass 100 or more members

  2) *Minimal Diversity Exists Under CAFA*

Diversity of parties "speaks of citizenship, not of residency," and a "natural person's state citizenship is . . . determined by her state of domicile," which "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Rapid Readymix Co. v. Concrete Strategies LLC*, 2023 U.S. Dist. LEXIS 87528, *1–2 (W.D. Wash. May 18, 2023) (citations omitted). Here, Plaintiff's "permanent home, where [he] resides with the intention to remain" was alleged to be Washington. *Rapid Readymix*, 2023 U.S. Dist. LEXIS 87528, *1–2.

As noted above, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 80–81. The Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Defendant's principal place of business is in Charlotte, North Carolina and it is organized under Delaware law. *See* Nodine Decl. at ¶ 3. Thus, minimal diversity is established.

  3) *The Aggregate Amount in Controversy Exceeds $5 Million*

While Plaintiff does not set forth a specific dollar amount in the prayer for relief, based upon Plaintiff's allegations in the Complaint, if successful, the aggregate amount in controversy is greater than $5 million.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

In assessing the amount in controversy, courts assume that Plaintiff's allegations are true and that a jury will find for Plaintiff on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.2002). As noted above, this means that the amount in controversy includes damages, the cost of injunctive relief, and attorneys' fees, and Defendant must only put forth a plausible allegation that this amount exceeds the requisite threshold. *See e.g., Dart v. Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). As also discussed above, Plaintiff's claims alone exceed $75,000. Under CAFA, "the claims of all members of a putative class action shall be aggregated" for purposes of the amount in controversy. 28 U.S.C. 1332(d)(6). Considering the breadth of Plaintiff's Class Definition, the amount in controversy exceeds the amount of $5,000,000. Therefore, this action satisfies the amount in controversy threshold of CAFA.

### IV.   ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

20. This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

21. This Notice of Removal is being timely filed within 30 days of October 17, 2023, when according to Plaintiff's Declaration of Service, Defendant received notice of the pleadings upon which this removal is based. *See* 28 U.S.C. § 1446(b).

22. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

23. As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendant served Plaintiff with this Notice of Removal and with their Notice to State Court of Removal to Federal Court.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 8
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## V. CONCLUSION

WHEREFORE, Defendant respectfully requests that this case be removed from the King County Superior Court of the State of Washington to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to this action.

Respectfully submitted this 16th day of November, 2023.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
   Adam T. Pankratz, WSBA #50951
   1201 Third Avenue, Suite 5150
   Seattle, WA  98101
   Telephone:  (206) 693-7057
   Facsimile:  (206) 693-7058
   Email:   adam.pankratz@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
   Mathew A. Parker, OSBA #0093231
   (*pro hac vice* application pending)
   The KeyBank Building
   88 East Broad Street, Suite 2025
   Columbus, OH  43215
   Telephone:  (614) 494-0420
   Facsimile:  (614) 633-1455
   Email:   mathew.parker@ogletree.com

*Attorneys for Defendant JELD-WEN, Inc.*

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 9
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I served the foregoing DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below to the following parties:

> Timothy W. Emery, WSBA #34078
> Patrick B. Reddy, WSBA #34092
> Paul Cipriani Jr., WSBA #59991
> EMERY | REDDY PLLC
> 600 Stewart Street, Suite 1100
> Seattle, WA  98101-1269
> Telephone:  (206) 442-9106
> Facsimile:  (206) 441-9711
> Email:     emeryt@emeryreddy.com
>                reddyp@emeryreddy.com
>                paul@emeryreddy.com

*Attorneys for Plaintiff Shannon Spencer*

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 16th day of November, 2023 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 10
Case No. 2:23-cv-01757

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058