1    Honorable Judge Ricardo S. Martinez

2

3

4

5

6

7    **UNITED STATES DISTRICT COURT**
     **WESTERN DISTRICT OF WASHINGTON**
8    **SEATTLE DIVISION**

9    SHANNON SPENCER, individually and on            Case No. 2:23-cv-01757-RSM
     behalf of all others similarly situated,
10                                                    **DEFENDANT JELD-WEN, INC.'S,**
11                         Plaintiff,                 **COMBINED MOTION TO DISMISS**
                                                      **PURSUANT TO FRCP RULE 12(b)(6)**
12           vs.                                      **AND MOTION TO STRIKE PURSUANT**
                                                      **TO FRCP RULE 12(f)**
13   JELD-WEN, INC., a foreign profit corporation
     doing business as JELD-WEN; and DOES 1-20,       Note for Hearing:  December 22, 2023
14                                                    With Oral Argument
                           Defendants.
15

16

17   I.      **INTRODUCTION**

18           Defendant JELD-WEN, INC. ("Defendant") respectfully submits this Combined Motion

19   to Dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Shannon Spencer

20   ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6), and to Strike the Class Action Allegations in the

21   Complaint, pursuant to Fed. R. Civ. P. 12(f).

22           Plaintiff claims that, on March 9, 2023, he applied for a job opening with Defendant, but

23   the job posting did not include the wage scale or salary range, in violation of RCW 49.58.110's

24   job posting requirements.  Dkt. 1-1, ¶¶ 15, 28-30.

25           The Court should dismiss Plaintiff's First Cause of Action because he failed to plead a

26   plausible claim for relief under RCW 49.58.110.  In particular, RCW 49.58.110 requires an

DEFENDANT'S COMBINED MOTIONS TO          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
DISMISS AND STRIKE - 1                         1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Case No. 2:23-cv-01757-RSM                            Phone: 206-693-7057 | Fax: 206-693-7058

applicant to apply for a job posting in good faith and with the intent to gain employment, but Plaintiff failed to allege that he applied for a job posting by Defendant in such a manner. Instead, Plaintiff recasts RCW 49.58.110 as a strict liability statute under which Defendant is liable to any individual who applies for a job posting, without regard to their qualifications, interest, experience, and the like. Such a scenario was not intended by Washington's legislature, is disfavored, and would lead to absurd results. Therefore, Plaintiff's First Cause of Action should be dismissed.

Next, the Court should likewise dismiss Plaintiff's Second and Third Causes of Action for injunctive and declaratory relief because he has no substantive claim underlying them.

Finally, the Court should strike Plaintiff's class action allegations. Plaintiff seeks to pursue his RCW 49.58.110 claim as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all individuals who, since January 1, 2023, applied for a job posting with Defendant in Washington where the job posting did not include the wage scale or salary range for the position. Dkt. 1-1, ¶ 19. Although Plaintiff failed to state a claim under RCW 49.58.110 as described above, even if he had plausibly pleaded such a claim, Plaintiff's class action allegations should be stricken because he is an applicant only for the specific job posting that he applied for, and not for every job posting of Defendant. Thus, Plaintiff cannot purport to be representative of such a broad class of applicants. Accordingly, Plaintiff's class action allegations should be stricken, or in the very least, they should be limited to the specific position for which he applied.

## II. RELEVANT BACKGROUND FACTS

### A. The Complaint and Plaintiff's Application.

Plaintiff alleges that, on or about September 17, 2023, he submitted an online application for a "Customer Service Coordinator" position at a location of Defendant in Washington. *Id.* at ¶ 16. Plaintiff attached to his Complaint screenshots of what he claims is the job posting for this position. *Id.* at Ex. 1. Plaintiff alleges that the job posting did not disclose the wage scale or salary range, in violation of RCW 49.58.110. *Id.* at ¶¶ 28-30. Plaintiff claims that, as a result, he lost valuable time applying for the job and he was unable to evaluate, negotiate, or compare the pay

DEFENDANT'S COMBINED MOTIONS TO
DISMISS AND STRIKE - 2
Case No. 2:23-cv-01757-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  for the position to other ones.  *Id*. at ¶¶ 16-17.  Plaintiff seeks to bring his RCW 49.58.110 claim

2  on a classwide basis encompassing the applicants for every job posting of Defendant in

3  Washington that did not include a wage scale or salary range.  *Id*. at ¶ 19.

4  Plaintiff failed to allege in his Complaint that he applied for the job posting in good faith

5  and with a genuine interest in employment with Defendant.  Nor did he allege that he had the

6  requisite experience, skills, and qualifications for the position for which he applied.  His

7  application for the Customer Service Coordinator position consisted essentially of submitting his

8  resume.  Dkt. 3, Ex. 1.  Despite applying for a Customer Service Coordinator position with

9  Defendant, Plaintiff's resume reflected no customer service or call center experience, but rather,

10  experience, among other things, as a provider of information technology related services.  *Id.*

11  **B.**      **Plaintiff's Other Similar Cases.**

12  In addition to this case, Plaintiff also initiated approximately six other lawsuits based on

13  nearly identical alleged violations of RCW 49.58.110 against RXO Inc. (King County Case No.

14  23-2-20256-2), BNY Mellon Securities Corporation (King County Case No. 23-2-19946-4),

15  MasterCard International Inc. (King County Case No. 23-2-19564-7), Walmart Inc. (King County

16  Case No. 23-2-19402-1), Washington Federal Bank (King County Case No. 19395-4), and Conifer

17  Revenue Cycle Solutions LLC (King County Case No. 23-2-19345-8).  *See* Declaration of Adam

18  T. Pankratz ("Pankratz Decl."), ¶ 7, Exs. F-K.

19  **C.**      **Washington Equal Pay and Opportunities Act.**

20  The EPOA, which was originally enacted in 2018 to update the existing Washington equal

21  pay act, aims to close the "gap in wages and advancement opportunities among workers in

22  Washington, especially women."  RCW 49.58.005(1).  Washington's legislature "intend[ed]" to

23  "address income disparities" and "to reflect equal status of all workers in Washington."  RCW

24  49.58.005(4).

25  Subsequently, in 2019, the Washington legislature amended the EPOA to require

26  Washington employers to disclose wage scales upon the request of an employee or an applicant

DEFENDANT'S COMBINED MOTIONS TO
DISMISS AND STRIKE - 3
Case No. 2:23-cv-01757-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    who has been offered a position.  Later, in 2022, the Washington legislature again amended the

2    EPOA.  This time the Washington legislature required Washington employers to disclose wage

3    scales in job postings.  *See* RCW 49.58.110.  According to the EPOA's legislative history, this

4    requirement was designed to facilitate a "discussion" about compensation "at the start of the

5    process instead of after an offer has been made" and to prevent "candidates [from] spend[ing]

6    hours going through rounds of interviews [without wage information]."  Dkt. 1-1, ¶ 3 (quoting

7    H.B. Rep. ESSB 5761, at 2-3 (Wash. 2022)).

8         The Washington State Department of Labor and Industries ("L&I"), which is the state

9    agency charged with enforcing and interpreting the EPOA, *see* RCW 49.58.010 and RCW

10   49.58.090, provided guidance regarding the interpretation and application of the EPOA.   In

11   December of 2022, L&I issued Publication F700-225-000 containing updates about the EPOA's

12   new job posting requirements.  Pankratz Decl., ¶ 2, Ex. A (attaching *https://www.lni.wa.gov/forms-*

13   *publications/F700-225-000.pdf*).   Publication F700-225-000 explained that RCW 49.58.110,

14   which contained the EPOA's new job posting requirements, "applies to Washington based

15   employees and applicants."  *Id.* at 1.  In its previously released Administrative Policy Number

16   ES.E.1, L&I explained that "[a] person is only considered an "applicant" for the specific posting(s)

17   they applied for, not for every available job of the employer."  Pankratz Decl., ¶ 3, Ex. B, at 9

18   (attaching  *https://www.lni.wa.gov/workers-rights/_docs/ese1.pdf*).   In February of 2023, L&I

19   issued F700-200-000, which explained that "L&I will investigate complaints filed by applicants

20   who have applied to a job in good faith with the intent of gaining employment."  Pankratz Decl.,

21   ¶ 4, Ex. C, at 1 (attaching *https://lni.wa.gov/forms-publications/F700-200-000.pdf*).

22   **III.     LEGAL STANDARD FOR MOTION TO DISMISS**

23        Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss claims for "failure to state a claim

24   upon which relief can be granted."   In evaluating a complaint that is challenged under Rule

25   (12)(b)(6), the Court must accept the allegations as true and construe the facts pleaded in the light

26   most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  The

1    Court may not, however, "supply essential elements" of Plaintiff's claim. *Ivey v. Bd. Of Regents*

2    *of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  To survive a motion to dismiss, a complaint

3    must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4    on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic v. Twombly*, 550

5    U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by

6    mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

7        While the Court must accept all well-pleaded facts as true, it need not "accept as true

8    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

9    inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is the

10   Court required to accept legal conclusions cased in the form of factual allegations if those

11   conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*,

12   18 F.3d 752, 754-755 (9th Cir. 1994).

13       In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may "consider

14   certain materials – such as documents attached to the complaint, documents incorporated by

15   reference in the complaint, or matters of judicial notice – without converting the motion to dismiss

16   into a motion for summary judgment." *Hanson v. MGM Resorts Int'l,* 2017 U.S. Dist. LEXIS

17   113690, *4-5 (W.D. Wash. July 20, 2017).

18       As discussed herein, the EPOA's job posting requirements set forth in RCW 49.58.110 do

19   not apply to unqualified applicants or those who have no genuine intention of interviewing for

20   and/or accepting the position at issue.  Instead, they apply to residents of Washington who have

21   applied for a job in good faith with the intent of gaining employment.  Since Plaintiff failed to

22   make any such allegations that he applied in good faith in the Complaint, Plaintiff failed to state a

23   plausible claim for relief.  Therefore, the Complaint should be dismissed.

24

25

26

DEFENDANT'S COMBINED MOTIONS TO
DISMISS AND STRIKE - 5
Case No. 2:23-cv-01757-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IV.   ARGUMENT FOR MOTION TO DISMISS**

        **A.   Plaintiff failed to allege that he applied for a job posting of Defendant in good faith and with the intent of gaining employment.**

The term "applicant" is undefined in the EPOA.  If the plain language is ambiguous, a court may "resort to aids of statutory construction and legislative history." *Univ. Ins., LLC v. Allstate Ins. Co.*, 564 F. Supp. 3d 934, 939–40 (W.D. Wash. 2021) (quotation omitted).  An administrative agency's interpretations of statutory text "are entitled to deference under Washington law and will be upheld if they are a plausible construction of the statute or rule." *Huntley v. Bonner's, Inc.*, 2003 U.S. Dist. LEXIS 26643, *12 n.4 (W.D. Wash. Aug. 14, 2003) (quotation omitted).

The Washington legislature intended for RCW 49.58.119 to protect an applicant who applies for a job posting in good faith and with the intent of gaining employment, particularly an applicant who is or would be engaging in wage or salary discussions and interviews with the employer.  *See, e.g.,* Pankratz Decl., ¶ 5, Ex. D, at 2 (attaching H.B. Rep. ESSB 5761, https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/House/5761-S.E%20HBR%20APH%2022.pdf?q=20231117063612).   In Publication F700-200-000, L&I confirmed this good faith requirement when it explained that "L&I will investigate complaints filed by applicants who have applied to a job in good faith with the intent of gaining employment." Pankratz Decl., ¶ 4, Ex. C, at 1.

Here, Plaintiff made no allegation in his Complaint that he applied for the job posting of Defendant in good faith with the intent of gaining employment.  In fact, he filed this action within just weeks of applying for the job posting at issue.  Dkt. 3-1, Ex. 1, at 2.  Also, in the past weeks and months, Plaintiff has applied for approximately six other seemingly unrelated job postings of other Washington employers and he subsequently filed class actions under RCW 49.58.110 against them. *See* Pankratz Decl., ¶ 7, Exs. F-K.  In other words, it seems like Plaintiff was searching for job postings, but not the jobs themselves.  This suggests that Plaintiff did not apply for the job posting at issue in good faith or with a genuine interest in gaining employment, but rather, he is

DEFENDANT'S COMBINED MOTIONS TO
DISMISS AND STRIKE - 6
Case No. 2:23-cv-01757-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    much more interested in trying to collect money under RCW 49.58.110 from Defendant and other

2    Washington employers.

3           The Washington legislature did not intend for an applicant to be able to game the system

4    using RCW 49.58.110 like Plaintiff. *See, e.g.,* Pankratz Decl., ¶ 6, Ex. E, at 3 (attaching S.B. Rep.

5    ESSB    5761,    https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/Senate/

6    5761%20SBR%20LCTA%20OC%2022.pdf?q=2023111706361) (noting, "There could be some

7    unintended consequences."). But that is what Plaintiff is attempting to do here by recasting RCW

8    49.58.110 as a strict liability statute under which Washington employers are automatically be liable

9    to any applicant who submits a job application, without regard to their qualifications, genuine

10   interest, experience, and the like. Consider how this scenario could play out. Plaintiff's counsel

11   has understandably been featured in a multitude of media placements regarding the nearly 50 class

12   actions for about nine named plaintiffs that they have filed against Washington employers under

13   RCW 49.58.110. Imagine that these media placements go viral on social media, and before you

14   know it, the general public starts applying for jobs left and right to see if they can collect money

15   too. Are these so-called applicants entitled to damages under RCW 49.58.110? According to

16   Plaintiff's theory, yes. What if students at a local grade school catches wind of the trend and they

17   begin applying for job posts – can they collect damages too? Again, under Plaintiff's theory, yes.

18   Interpreting RCW 49.58.110 in this manner is disfavored, and it should be avoided, otherwise it

19   will lead to absurd results. *See United States v. LKAV*, 712 F.3d 436, 440 (9th Cir. 2013)

20   ("[S]tatutory interpretations which would produce absurd results are to be avoided,") (citation and

21   alteration omitted); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 200, 113 S.Ct. 716, 121

22   L.Ed.2d 656 (1993) (describing "the common mandate of statutory construction to avoid absurd

23   results"); *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973

24   (1982) (stating that "interpretations of a statute which would produce absurd results are to be

25   avoided").

26

DEFENDANT'S COMBINED MOTIONS TO            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
DISMISS AND STRIKE - 7                     1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Case No. 2:23-cv-01757-RSM                 Phone: 206-693-7057 | Fax: 206-693-7058

1    Based on the foregoing, to avoid strict liability resulting in unintended consequences and

2    absurd results, good faith and a genuine interest in the job posting at issue must be a *prima facie*

3    element of a claim under RCW 49.58.110 – a fact even recognized by L&I.  Because Plaintiff did

4    not allege that he applied for a position with Defendant in good faith and with the intent of gaining

5    employment, the First Cause of Action alleging a claim under RCW 49.58.110 should be

6    dismissed.

7              **B.      Plaintiff Cannot Obtain Injunctive and Declaratory Relief.**

8              After dismissal of the RCW 49.58.110 claim, the Court should dismiss Plaintiff's Second

9    Cause of Action for injunctive relief.  Such "relief is a remedy and not a cause of action." *Blake*

10   *v. United States Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 169268, \*7 (W.D. Wash. Nov. 27,

11   2013).

12             Plaintiff's Third Cause of Action for a declaratory judgment should also be dismissed.

13   Neither RCW 49.58.060 nor RCW 49.58.070 identify declaratory relief as a remedy.  Even if

14   Plaintiff is relying upon the Declaratory Judgment Act, Chapter 7.24 RCW, it "creates only a

15   remedy, not a cause of action." *Bisson v. Bank of Am., N.A*., 919 F.Supp.2d 1130, 1139 (W.D.

16   Wash. 2013).  "[T]he [C]ourt cannot grant declaratory relief in the absence of a substantive cause

17   of action." *Id.* at 1139 (dismissing declaratory relief claim).  Thus, there is no claim for declaratory

18   relief.

19   **V.      ARGUMENT FOR MOTION TO STRIKE**

20             **A.      Legal Standard.**

21             Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient

22   defense or any redundant, immaterial, impertinent, or scandalous matter."  A court may strike class

23   allegations where the plaintiff cannot make a prima facie showing of Rule 23's requirements or

24   where discovery is unlikely to result in information supporting the class allegation.  *Doninger v.*

25   *Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977)).  Fed. R. Civ. P. 23(a) requires a plaintiff

26   seeking to bring a class certification to meet four requirements – numerosity, commonality,

DEFENDANT'S COMBINED MOTIONS TO
DISMISS AND STRIKE - 8
Case No. 2:23-cv-01757-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    typicality, and adequacy of representation. In addition, a plaintiff must meet one of the

2    requirements of Fed. R. Civ. P. 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-

3    14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

4         As discussed herein, in the very least, Plaintiff cannot demonstrate typicality (Fed. R. Civ.

5    P. 23(a)(3)) and predominance (Fed. R. Civ. P. 23(b)(3)) for similar reasons. That is, Plaintiff and

6    the putative class members that he purports to represent are subject to unique and individualized

7    defenses, such as, but not limited to, whether each of them applied for the job posting of Defendant

8    in good faith and with the intent to gain employment. The fact that Plaintiff cannot satisfy these

9    requirements can be determined based on no more than a review of Plaintiff's Complaint. Put

10   differently, no discovery is necessary to make these determinations, and the class allegations

11   should be stricken, or at least limited to the specific job posting for which Plaintiff applied. *See,*

12   *e.g., Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 633, 634 (W.D. Wash. 2002)

13   (striking class allegations where little to no discovery took place); *Stearns v. Select Comfort Retail*

14   *Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) (same).

15   **B.    The Job Postings for which Plaintiff and the Putative Class Members Applied**
        **are Different and Their Claims under RCW 49.58.110 are Subject to**
16      **Individualized Defenses.**

17        Plaintiff's RCW 49.58.110 claim is atypical of the claims of the putative class members

18   that he seeks to represent. "The test of typicality is whether other members have the same or

19   similar injury, whether the action is based on conduct which is not unique to the named plaintiffs,

20   and whether other class members have been injured by the same course of conduct." *Hanon v.*

21   *Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted).

22   "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class

23   members […]." *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003). Here, there is an absence

24   of typicality because Plaintiff seeks to represent a class of applicants who applied for positions

25   with Defendant that are different than the one for which he applied. *See* Dkt. 1-1, ¶ 20 (defining

26

1   the class to include every available job posting of Defendant as opposed to the specific job posting

2   for which Plaintiff applied).

3        In addition, predominance is lacking because individualized questions, instead of common

4   ones, predominate.  "The Rule 23(b)(3) predominance inquiry asks the court to make a global

5   determination of whether common questions prevail over individualized ones."  *Torres v. Mercer*

6   *Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).  Here, according to F700-200-000, the potential

7   for liability to applicants under RCW 49.58.110 is limited to those "who have applied to a job in

8   good faith with the intent of gaining employment."  Pankratz Decl., ¶ 4, Ex. C.  The good faith

9   element of RCW 49.58.110 must be determined on a case-by-case basis resulting in a number of

10  individualized questions, such as, but not limited to, whether the applicant is qualified for the

11  position, whether the applicant is genuinely interested in the role, and whether the applicant intends

12  to gain employment.  The different answers of applicants to these questions will give rise to

13  individualized defenses of Defendant to the RCW 49.58.110 claims of Plaintiff and the putative

14  class members.

15       Accordingly, Plaintiff's inability to demonstrate at least two requirements of Fed. R. Civ.

16  P. 23, typicality and predominance, is apparent from the face of the Complaint, and his class action

17  allegations should be stricken.

18       Even if the Court determines that it would be premature to strike Plaintiff's class

19  allegations at the pleading stage, it should still limit them.  Contrary to Plaintiff's overly-broad

20  Class Definition encompassing every job posting of Defendant in Washington that did not include

21  a wage scale or salary range, RCW 49.58.110 itself limits liability to the specific job posting at

22  issue, and not all of them.  Further to this point, in Administrative Policy Number ES.E.1, L&I

23  explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied

24  for, not for every available job of the employer."  Pankratz Decl., ¶ 3, Ex. B.

25       In other words, if Plaintiff can bring this claim, then he would be authorized to do so only

26  as to the specific job posting for which he applied.  Because Plaintiff did not apply for every job

1   posting of Defendant encompassed by his overly-broad Class Definition, he is not an applicant for

2   them, and thus, he has no standing to pursue a civil action as it relates to those job postings for

3   which he did not apply.  Therefore, in the very least, Plaintiff's Class Definition should be limited

4   to the specific job posting for which he applied.

5   **VI.    CONCLUSION**

6       For the reasons stated above, the Court should dismiss this lawsuit in entirety, and strike

7   the class action allegations.

8       Respectfully submitted this 27th day of November, 2023.

9   I certify that this memorandum contains      OGLETREE, DEAKINS, NASH, SMOAK
    3,336 words, in compliance with the          & STEWART, P.C.

10  Local Civil Rules.

11                                        By: */s/ Adam T. Pankratz*
                                              Adam T. Pankratz, WSBA #50951

12                                            1201 Third Avenue, Suite 5150
                                              Seattle, WA  98101

13                                            Telephone: (206) 693-7057
                                              Facsimile: (206) 693-7058

14                                            Email:  adam.pankratz@ogletree.com

15                                    OGLETREE, DEAKINS, NASH, SMOAK

16                                    & STEWART, P.C.

17                                    By: */s/ Mathew A. Parker*
                                              Mathew A. Parker, OSBA #0093231

18                                            (*pro hac vice* application to be submitted)
                                              The KeyBank Building

19                                            88 East Broad Street, Suite 2025
                                              Columbus, OH  43215

20                                            Telephone:  (614) 494-0420
                                              Facsimile:  (614) 633-1455

21                                            Email:  mathew.parker@ogletree.com

22                                  *Attorneys for Defendant JELD-WEN, Inc.*

23

24

25

26

DEFENDANT'S COMBINED MOTIONS TO      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
DISMISS AND STRIKE - 11                    1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Case No. 2:23-cv-01757-RSM                   Phone: 206-693-7057 | Fax: 206-693-7058

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2023, I served the foregoing DEFENDANT JELD-WEN, INC.'S COMBINED MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FRCP RULE 12(f) via the method(s) below to the following parties:

> Timothy W. Emery, WSBA #34078
> Patrick B. Reddy, WSBA #34092
> Paul Cipriani Jr., WSBA #59991
> EMERY | REDDY PLLC
> 600 Stewart Street, Suite 1100
> Seattle, WA  98101-1269
> Telephone:  (206) 442-9106
> Facsimile:  (206) 441-9711
> Email:      emeryt@emeryreddy.com
>                reddyp@emeryreddy.com
>                paul@emeryreddy.com
>
> *Attorneys for Plaintiff Shannon Spencer*

☒   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐   by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐   by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 27th day of November, 2023 at Seattle, Washington.

> OGLETREE, DEAKINS, NASH, SMOAK
> & STEWART, P.C.
>
> By: */s/ Cheryl L. Kelley*
>       Cheryl L. Kelley, Practice Assistant
>       cheryl.kelley@ogletree.com

DEFENDANT'S COMBINED MOTIONS TO
DISMISS AND STRIKE - 12
Case No. 2:23-cv-01757-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058