The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON SPENCER,

    Plaintiff,

v.

JELD-WEN INC., *et al.*,

    Defendants.

NO. 23-cv-1757-BJR

**ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING**

## I.    INTRODUCTION

The Equal Pay and Opportunities Act ("EPOA"), RCW 49.58, promotes pay equity in Washington State by addressing business practices that contribute to income disparities. On January 1, 2023, a revised provision took effect, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. RCW 49.58.110.[1] Employees and job applicants are entitled to remedies for violations of this provision, which may include statutory damages. *Id.* Within a few months, a few plaintiffs, represented by Emery Reddy, PLLC, filed multiple putative class-action lawsuits against

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING

- 1

various companies who had job postings that are alleged to be non-compliant with the EPOA job-posting provision. This case is one of multiple lawsuits with virtually identical complaints filed in King County Superior Court and subsequently removed to this Court by the defendants. This case was removed to this Court on November 16, 2023, and Defendant, JELD-WEN, Inc. ("JELD-WEN"), filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Mot., ECF No. 7. The parties then jointly stipulated to stay this case while they pursued alternate dispute resolution. The stay on this motion was lifted on September 4, 2024. ECF No. 30. Having reviewed the materials[2] and the relevant legal authorities, the Court will remand this case to King County Superior Court pursuant to 28 U.S.C. § 1447(c) and deny the motion to dismiss as moot. The reasoning for the Court's decision follows.

## II.     BACKGROUND

On September 17, 2023, Shannon Spencer submitted a job application online on JELD-WEN's website for a Customer Service Coordinator located in Washington state. Compl. ¶¶ 8, 14-15, 29; Ex. 1, ECF No. 1-1. He alleges that the job posting did not disclose the wage scale or salary range. *Id.* ¶¶ 14-15. Mr. Spencer filed suit against JELD-WEN in the King County Superior Court on October 11, 2023. *Id.* at 8.  He claims to represent more than 40 potential class members who also applied for jobs with JELD-WEN for positions that did not disclose the wage scale or salary range. *Id.* ¶ 14. Mr. Spencer asserts three causes of action: (1) Violation of RCW 49.58.110; (2) Injunctive Relief; and (3) Declaratory Relief." Compl. ¶¶ 27-36. He seeks statutory damages, costs, and reasonable attorneys' fees pursuant to RCW 49.58.070(1). *Id.* at 7.

---

[2] Including the motion, ECF No. 7; response in opposition, ECF No. 17; and reply, ECF No. 19; together with multiple exhibits as well as related motions and responses.

ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING

- 2

1   JELD-WEN removed the case to this Court on November 16, 2023 on the basis of diversity
2   jurisdiction, 28 U.S.C. § 1332(a). Notice of Removal, ECF No. 1. JELD-WEN filed a motion to
3   dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and motion to strike pursuant to Rule
4   12(f), arguing that Mr. Spencer fails to plead a plausible claim primarily because he does not allege
5   that he applied for the posted position in good faith with the intent to gain employment. Mot. 1-2,
6   ECF No. 7. JELD-WEN also argues that Mr. Spencer's class action allegations should be stricken
7   as too broad. *Id.* at 2. Although only raised in its reply brief, JELD-WEN also asserts that Mr.
8   Spencer lacks standing and has no statutory right to bring a civil action. Reply 6-7.[3]

### III. DISCUSSION

JELD-WEN maintains that Mr. Spencer does not have the right to file a private cause of action, and he lacks Article III standing because he has failed to allege an injury in fact. Reply 6-7. JELD-WEN also contends that Mr. Spencer "made no allegation in his Complaint that he applied for the job posting of Defendant in good faith with the intent of gaining employment," noting that he filed this lawsuit and at least six other lawsuits based on nearly identical alleged violations within weeks of applying for the position. Mot. 3, 6; Pankratz Decl. ¶ 7, ECF No. 8 (listing nearly identical cases filed by Mr. Spencer between October 6 to 18, 2023). JELD-WEN suggests that Mr. Spencer was searching for job postings rather than jobs. *Id.* at 6-7. JELD-WEN also argues that the Court

---

[3] The Court notes that while it need not consider arguments first raised in a reply brief, there are exceptions to this rule. *See Kroeber v. GEICO Ins. Co.*, C14-726RSL, 2015 WL 11669649, at *2 (W.D. Wash. Mar. 31, 2015). One such exception is when new arguments are raised by the opposing party's response memoranda. *Id.* (citing *Rockwell v. Chase Bank USA, N.A.*, 2012 WL 4846177, at *1 n. 2 (W.D. Wash. Oct. 11, 2012)). Here, Mr. Spencer's response raised the issue of standing. Opp'n 6. Regardless, "[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). If at any time the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING

- 3

should strike Mr. Spencer's class allegations because he cannot make a *prima facie* showing of Rule 23's requirements. *Id.* at 8.

In his response to JELD-WEN's motion, Mr. Spencer noted that "[s]tanding was conferred the moment Defendant violated Mr. Spencer's right to receive statutorily required information." Opp'n 6 n.3 (citing cases). JELD-WEN then argued that Mr. Spencer failed to allege an injury in fact because he merely submitted an application, was not interviewed or offered a job, and as such, the alleged harm is merely speculative. Reply 7. The parties raise the issue of standing in passing, and neither party's argument is developed further. However, whether Plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional). Even in a class action, "standing is the threshold issue . . . . If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Further, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING

- 4

1    At issue here is the "[f]irst and foremost" of standing's three requirements—"a harm
2  suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical."
3  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted). JELD-WEN
4  argues that Mr. Spencer fails to plead facts supporting an injury, and he does not have standing
5  simply because the statute at issue "purports to authorize [him] to sue to vindicate [a] right." Mot.
6  5 (quoting *Spokeo Inc. v. Robins*, 578 U.S. 330, 338, 340 (2016)).

7    This Court previously considered whether the specific statutory violation alleged in this case
8  actually harms, or presents a material risk of harm, to a plaintiff's concrete interests when the
9  plaintiff has not alleged that he applied for the posted position in good faith with a genuine interest
10 in employment with the employer. *See Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024
11 WL 2133370, at *5-8 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-
12 BJR, 2024 WL 2133358, at *6-9 (W.D. Wash. May 10, 2024). The Court concluded that a violation
13 of the statutory provision at issue here—a job posting with no compensation information
14 included—is a technical or procedural violation that by itself does not manifest concrete injury but
15 requires a bona fide applicant before there is a risk of harm. Plaintiffs must allege, at minimum,
16 that they applied for the job with good-faith intent, and as such became personally exposed to the
17 risk of harm caused by the violation.

18   Mr. Spencer, perhaps recognizing that the allegations in his complaint are deficient,
19 provided a declaration with his response in opposition to the motion. Opp'n 8 (citing Spencer Decl.,
20 ECF No. 18). In his declaration, he included details of his job search, and a statement that he
21 "applied to work for Defendant in good faith and remain[s] prepared to accept the Customer Service
22 Coordinator position should Defendant extend an offer of employment that meets [his] salary and

ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING

- 5

benefit [requirements]." Spencer Decl. ¶¶ 6-12, 15. To survive a motion to dismiss, Mr. Spencer need only allege facts, accepted as true, that give rise to a reasonable inference that he suffered an injury sufficiently concrete for the purposes of Article III. *See Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1118 (9th Cir. 2017). Mr. Spencer's conclusory allegations in his complaint are insufficient. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory. . . ."). Although Mr. Spencer's declaration shows that he may be capable of amending his complaint to support standing, the Court does not consider his declaration as part of his pleading. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (considering additional facts raised in plaintiff's opposition papers only for purposes of determining whether to grant leave to amend); Fed. R. Civ. P. 7. Because a plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c). The Court does not address the parties' additional arguments.

### IV.   CONCLUSION

For the foregoing reasons,

1. Defendant JELD-WEN, INC.'s Motion to Dismiss, ECF No. 7, is DENIED AS MOOT; and
2. This case is remanded to King County Superior Court.

DATED this 24th day of October 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING FOR LACK OF ARTICLE III STANDING

- 7